[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12668

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 26, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00196-CR-KOB-TMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD BROWNING MCCLAIN,
a.k.a. E.B. McClain,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 26, 2010)

Before BLACK, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

After oral argument and careful consideration, we readily conclude that the

judgment in this case should be affirmed. First, we summarily reject appellant's

argument that the district court abused its discretion in failing to grant a mistrial on the grounds that appellant's trial should have been severed from that of co-defendant Pettagrue. Appellant has failed to establish either the requisite prejudice, or that severance was the proper remedy for prejudice. United States v. Browne, 505 F.3d 1229, 1268-69 (11th Cir. 2007) (citing Zafiro v. United States, 506 U.S. 534, 538-39, 113 S.Ct. 933, 938 (1993)). Indeed, with respect to the prejudice prong, appellant's argument is not as strong as the similar argument which we rejected in United States v. Blankenship, 382 F.3d 1110, 1122 and 1125 (11th Cir. 2004). Furthermore, appellant failed to establish that the district court's cautionary instruction was insufficient to remedy any possible prejudice, or that severance was the only permissible remedy. See id. at 1122, 1125-26.

We also conclude that there is no merit in appellant's challenge grounded upon Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712 (1986). Like the district court, we assume that appellant established a prima facie case. However, we cannot conclude that the district court was clearly erroneous in finding that the government's reasons for each strike were credible and race neutral.

Finally, we reject summarily appellant's challenge to the sufficiency of the

evidence.  There was ample evidence to support the jury's verdict.[1]

AFFIRMED.

---

[1] We do not reach the constitutionality of the honest services mail fraud statute, 18 U.S.C. § 1346, because McClain did not present a facial or as applied challenge to the constitutionality of that statute in his briefs on appeal.